**State v. Lindsey**
*[Cite as 6 AOA 279]*

*Case No. 1887*
*Medina County, (9th)*
*Decided August 15, 1990*

*Dean Holman, Prosecuting Attorney, 135 S. Jefferson St., Medina, Ohio 44256, for Plaintiff.*

*Thomas J. Dougan, Attorney at Law, 5 W. College St., Oberlin, Ohio 44074, for Defendant.*

CIRIGLIANO, J.

Appellant Maurice Lindsay, appeals from a jury verdict finding him guilty of complicity to commit aggravated trafficking. We affirm.

Assignment of Error

"I. The verdict herein is against the manifest weight of the evidence and contrary to law and the court erred in denying appellant's motion for acquittal under Rule 29 and instead this court instructed the jury regarding complicity under 2923.03 to the prejudice of appellant."

Lindsey contends that he was merely present when his companion sold cocaine to agent Pearlman of the Medina County Drug Enforcement Unit and that mere presence is insufficient to convict him of complicity. We agree that in *State v. Sims* (1983), 10 Ohio App. 3d 56, the court found that mere presence may be insufficient to establish complicity. The record before us establishes Lindsey was far more involved than being a "mere presence."

In a statement taken after his arrest and played for the jury, Lindsey told the police officers that he wished to cooperate with them, that on this occasion and on two other occasions, Lindsey rode along in the car with the principal offender, Jeffrey Shipp while Shipp made a cocaine deal. Lindsey stated that he knew Shipp was coming to Medina to make a cocaine deal. There was testimony that a gun was found in the back seat next to where Lindsey sat.

Based on our review of the record, the trial court properly denied Lindsay's Crim. R. 29(A) motion for judgment of acquittal. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus. There was substantial evidence upon which a jury could conclude that all elements of conspira-

cy to commit drug trafficking were proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St. 2d 169, syllabus. It was not error to instruct on complicity. Lindsey's first assignment of error is overruled.

### Assignment of Error

"Appellant's indefinite sentence of six (6) to twenty-five (25) years is contrary to section 2925.03(C)(6) and, therefore, must be set aside."

This court addressed the argument that Lindsey now asserts in *State v. Dickey* (Dec. 27, 1989), Summit App. No. 14425, unreported. We certified our case to the Ohio Supreme Court as being a conflict with *State v. Russo* (Feb. 25, 1988), Cuyahoga App. No. 53571, unreported, the case upon which Lindsey relies to support his argument. Although there has been no ruling on our certification, we follow the precedent established by *State v. Dickey, supra* and overrule the second assignment of error. The judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for this appeal.

CIRIGLIANO, J., for the court.

REECE, P.J., and CACIOPPO, J., concur.